IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY GRINNELL,

    Petitioner,

  vs.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

Civil Action 2:13-cv-776
Judge Marbley
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to challenge his 1995 convictions in the Franklin County Court of Common Pleas on two counts of aggravated murder. This is petitioner's second challenge in this Court to those convictions.

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997):

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive

1

>petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

The Sixth Circuit, in turn, will issue this certification only if the petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

In 1997, petitioner, proceeding as Abdush-Shahid Farooq, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging these same convictions. *Farooq v. Russell*, 2:97-cv-838. Petitioner asserted eleven claims in that action:

1. The court erred by overruling the petitioner's motion to dismiss the indictment on the ground that it was constitutionally deficient as a matter of law.

2. The trial court erred by overruling the objection of petitioner to the introduction of an alleged statement of the petitioner in state's rebuttal.

3. The trial court erred by overruling petitioner's motion to dismiss on the ground that petitioner was denied a speedy trial.

4. The conviction of petitioner was against the manifest weight of the evidence and should have been set aside.

5. The trial court erred by overruling petitioner's

2

>   motion for directed verdict of acquittal pursuant
>   to Rule 29 of the Ohio Rules of Criminal Procedure.
>
> 6.  The trial court erred by refusing to instruct
>     the jury on the defense of duress or coercion
>     as was requested by petitioner.
>
> 7.  The trial court erred by overruling petitioner's
>     motion to dismiss on the basis that the state failed to
>     establish the requisite jurisdiction of the court.
>
> 8 - 11.  Petitioner was denied the effective assistance
>     of appellate counsel.

*Farooq v. Russell*, 2:97-cv-838, *Petition*, Doc. No. 3. This Court denied each of those claims on the merits, *id., Opinion and Order*, Doc. No. 11, but issued a certificate of appealability on the claim that the rebuttal testimony of Sergeant Brink had been improperly admitted and on the claim that petitioner had been denied the effective assistance of appellate counsel in connection with the trial court's order that petitioner be shackled and attired in prison garb during trial. *Id., Order*, Doc. No. 15. The judgment of this Court was affirmed by the United States Court of Appeals for the Sixth Circuit, *Farooq v. Russell*, 215 F.3d 1326 (Table), 2000 WL 658963 (6th Cir. May 12, 2000), and the United States Supreme Court denied petitioner's petition for a writ of *certiorari, Farooq v. Russell*, 531 U.S. 898 (2000).

In his most recent filing, petitioner alleges that he is in custody in violation of his constitutional rights on the following grounds:

>   1.  Petition[er]'s entry of verdict and judgment of
>       conviction is void and not a final appealable order
>       because the jury's verdict form is not filed in the
>       criminal appearance docket by the clerk in violation of

3

> Grinnell's Fifth and Fourteenth Amendment right to due process and equal protection of the law of the United States Constitution.
>
> 2. Petitioner's entry of verdict and judgment of conviction is not a final appealable order because the jury did not return a verdict on the two specifications of prior convictions prosecuted against Grinnell, and the entry of verdict and judgment of conviction does not set forth the verdict or its findings as to each [and] every specification prosecuted against Grinnell in violation of Grinnell's Fifth and Fourteenth Amendment right to due process and equal protection of the law of the United States Constitution.
>
> 3. Grinnell's entry of verdict and judgment of conviction is not a final appealable order because the entry of verdict and judgment of conviction was not entered on the criminal appearance docket by the clerk, depriving the court of appeals of subject matter jurisdiction in violation of Grinnell's Fifth and Fourteenth Amendment right to due process and equal protection of the law of the United States Constitution.

*Petition*, Doc. No. 2.  These claims were not included in the claims raised in petitioner's first habeas corpus action.  Because the *Petition* presently before the Court asserts new claims, it is a second or successive petition within the meaning of 28 U.S.C. § 2244.  This Court therefore lacks jurisdiction to entertain these new claims absent authorization by the United States Court of Appeals for the Sixth Circuit.

It is therefore **RECOMMENDED** that the petition be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

4

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          *s/Norah McCann King*
                                             Norah M$^c$Cann King
                                 United States Magistrate Judge

August 6, 2013