IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY GRINNELL,

    Petitioner,

  vs.

Civil Action 2:13-cv-776
Judge Marbley
Magistrate Judge King

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

## OPINION AND ORDER

On August 6, 2013, the United States Magistrate Judge recommended that this habeas corpus action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. *Report and Recommendation*, Doc. No. 3. This matter is now before the court on petitioner's objection to that recommendation. *Objection,* Doc. No. 5. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Petitioner acknowledges that this is his second challenge in this Court to his 1995 convictions in the Franklin County Court of Common Pleas on two counts of aggravated murder. *See Farooq v. Russell*, 2:97-cv-838 (S.D. Ohio). In that earlier action, this Court denied on the merits each of the claims asserted in that action, *id., Opinion and Order*, Doc. No. 11, but issued a certificate of appealability on the claims that the rebuttal testimony of one Sergeant Brink had been improperly admitted and that petitioner had been denied the effective assistance of appellate counsel in connection with the trial court's

1

order that petitioner be shackled and attired in prison garb during trial. *Id., Order*, Doc. No. 15. The judgment of this Court was affirmed by the United States Court of Appeals for the Sixth Circuit, *Farooq v. Russell*, 215 F.3d 1326 (Table), 2000 WL 658963 (6th Cir. May 12, 2000), and the United States Supreme Court denied petitioner's petition for a writ of *certiorari, Farooq v. Russell*, 531 U.S. 898 (2000).

In the most recent filing, petitioner asserts claims not raised in the earlier action. The Magistrate Judge characterized this action as a second or successive petition within the meaning of 28 U.S.C. § 2244 and recommended that the petition be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

In his objection, petitioner challenges the characterization of this action as a second or successive petition because, according to petitioner, this Court lacked jurisdiction over the claims asserted in the earlier action.[1] Petitioner is mistaken. It is true that a petition filed after an earlier dismissal for lack of jurisdiction or for failure to exhaust state court remedies does not qualify as a second or successive petition. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000). However, petitioner's earlier petition was dismissed on the merits of his claims.  "[A] numerically second petition is 'second' when it raises a claim that could have been raised in the first

---

[1] Petitioner reasons that the state court's judgment was not properly entered and was therefore not a final appealable order; the state appellate court and every court to thereafter consider petitioner's convictions, petitioner argues, therefore lacked jurisdiction to consider petitioner's appeal and challenges to his convictions. *Objection*, pp. 2-3.

2

petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)(quoting *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

Because the merits of petitioner's earlier claims were considered by this Court and because the petition presently before the Court asserts new claims, the petition filed in this case is a second or successive petition within the meaning of 28 U.S.C. § 2244.  This Court therefore lacks jurisdiction to entertain these new claims absent authorization by the United States Court of Appeals for the Sixth Circuit.

The *Objection*, Doc. No. 5, to the *Report and Recommendation* is therefore **OVERRULED**.  The *Report and Recommendation*, Doc. No. 3, is **ADOPTED AND AFFIRMED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

       s/Algenon L. Marbley
       Algenon L. Marbley
    United States District Judge

3